UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| VERNON TICE, on Behalf of Himself and All Others Similarly Situated, | : : : | Case No. 4:04 CV330 (ODS) |
| | : | CLASS ACTION |
| Plaintiff, | : : | |
| vs. | : : | |
| NOVASTAR FINANCIAL, INC., W. LANCE ANDERSON, SCOTT F. HARTMAN and RODNEY E. SCHWATKEN, | : : : : | |
| Defendants. | : x | |
| EASTSIDE INVESTORS, Individually and on Behalf of All Others Similarly Situated, | : : : | Case No. 4:04 CV334 (ODS) |
| | : | CLASS ACTION |
| Plaintiff, | : : | |
| vs. | : : | |
| NOVASTAR FINANCIAL, INC., W. LANCE ANDERSON, SCOTT F. HARTMAN and RODNEY E. SCHWATKEN, | : : : : | |
| Defendants. | : x | |

**[Caption continues on next page]**

**SUGGESTIONS OF GENERIC TRADING OF PHILADELPHIA, LLC AND HAROLD AND WILMA DANIELS IN OPPOSITION TO THE GIUNTA GROUP'S MOTION TO FILE SURREPLY MEMORANDUM OF LAW OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE RESPONSE TO SURREPLY**

| | | |
|---|---|---|
| EVELYN GREENBERG, Individually and on Behalf of All Others Similarly Situated, | : : : | Case No. 4:04 CV335 (ODS) <u>CLASS ACTION</u> |
| Plaintiff, | : : | |
| vs. | : : | |
| NOVASTAR FINANCIAL, INC., W. LANCE ANDERSON and SCOTT F. HARTMAN, | : : : : | |
| Defendants. | : : | |
| TODD LESH on Behalf of Himself and All Others Similarly Situated, | : : : | Case No. 4:04 CV337 (ODS) CLASS ACTION |
| Plaintiff, | : : | |
| vs. | : : | |
| NOVASTAR FINANCIAL, INC., W. LANCE ANDERSON, SCOTT F. HARTMAN and RODNEY E. SCHWATKEN, | : : : : : | |
| Defendants. | : : | |
| GEOGGREY DEMIS, Individually and on Behalf of Himself and All Others Similarly Situated, | : : : | Case No. 4:04 CV338 (ODS) CLASS ACTION |
| Plaintiff, | : : | |
| vs. | : : | |
| NOVASTAR FINANCIAL, INC., W. LANCE ANDERSON, SCOTT F. HARTMAN, RODNEY E. SCHWATKEN and DELOITTE & TOUCHE, LLP | : : : : : : | |
| Defendants. | : : | |

|  |  |  |
|---|---|---|
| PATRICIA RUSSELL-CUNNINGHAM, on Behalf of Himself and All Others Similarly Situated, | : : : | Case No. 4:04 CV345 (ODS) <u>CLASS ACTION</u> |
| Plaintiff, | : | |
| vs. | : | |
| NOVASTAR FINANCIAL, INC., W. LANCE ANDERSON, SCOTT F. HARTMAN. RODNEY E. SCHWATKEN and MICHAEL L. BAMBURG, | : : : | |
| Defendants. | : | |
| JERRY MARKOVITZ, on Behalf of Himself and All Others Similarly Situated, | : : : | Case No. 4:04 CV362 (ODS) CLASS ACTION |
| Plaintiff, | : | |
| vs. | : | |
| NOVASTAR FINANCIAL, INC., W. LANCE ANDERSON, SCOTT F. HARTMAN and RODNEY E. SCHWATKEN, | : : : | |
| Defendants. | : | |
| PHILIP M. TINEGA. Individually and on Behalf of Himself and All Others Similarly Situated, | : : : | Case No. 4:04 CV371 (ODS) CLASS ACTION |
| Plaintiff, | : | |
| vs. | : | |
| NOVASTAR FINANCIAL, INC., W. LANCE ANDERSON, SCOTT F. HARTMAN and RODNEY E. SCHWATKEN, | : : : | |
| Defendants. | : | |

| | |
|---|---|
| JEANNE FRANCK, on Behalf of Himself and All Others Similarly Situated, <br><br>        Plaintiff, <br><br>  vs. <br><br>NOVASTAR FINANCIAL, INC., W. LANCE ANDERSON, SCOTT F. HARTMAN and RODNEY E. SCHWATKEN, <br><br>        Defendants. | Case No. 4:04 CV386 (ODS) <br><br> <u>CLASS ACTION</u> |
| MILTON PFEIFFER, Individually and on Behalf of Himself and All Others Similarly Situated, <br><br>        Plaintiff, <br><br>  vs. <br><br>NOVASTAR FINANCIAL, INC., W. LANCE ANDERSON, SCOTT F. HARTMAN and RODNEY E. SCHWATKEN, <br><br>        Defendants. | Case No. 4:04 CV387 (ODS) <br><br> CLASS ACTION |
| THEODORE GERSTEL, on Behalf of Himself and All Others Similarly Situated, <br><br>        Plaintiff, <br><br>  vs. <br><br>NOVASTAR FINANCIAL, INC., W. LANCE ANDERSON, SCOTT F. HARTMAN and RODNEY E. SCHWATKEN, <br><br>       Defendants. | Case No. 4:04 CV390 (ODS) <br><br> CLASS ACTION |

| | | |
|---|---|---|
| SIDNEY FIELDEN, Individually and on Behalf of Himself and CINDY HENZEL, Individually and on Behalf of Herself and All Others Similarly Situated, | : : : : : | Case No. 4:04 CV404 (ODS) <br><br> <u>CLASS ACTION</u> |
| Plaintiff, | : : | |
| vs. | : : | |
| NOVASTAR FINANCIAL, INC., W. LANCE ANDERSON and SCOTT F. HARTMAN, | : : : | |
| Defendants. | : : | |
| IRIS FRIEDMAN, on Behalf of Herself and All Others Similarly Situated, | : : : : | Case No. 4:04 CV425 (GAF) <br><br> CLASS ACTION |
| Plaintiff, | : : | |
| vs. | : : | |
| NOVASTAR FINANCIAL, INC., W. LANCE ANDERSON, SCOTT F. HARTMAN and RODNEY E. SCHWATKEN, | : : : : : | |
| Defendants. | : : : | |
| WILLIAM P. ALLMAN, Individually and on Behalf of Himself and All Others Similarly Situated, | : : : : | Case No. 4:04 CV430 (ODS) <br><br> CLASS ACTION |
| Plaintiff, | : : : | |
| vs. <br> NOVASTAR FINANCIAL, INC., W. LANCE ANDERSON, SCOTT F. HARTMAN and RODNEY E. SCHWATKEN, <br> Defendants. | : : : : : : | |

| | | |
|---|---|---|
| ANDREW GLICK, on Behalf of Himself and All Others Similarly Situated, | : : : | Case No. 4:04 CV440 (ODS) |
| | : | CLASS ACTION |
| Plaintiff, | : : | |
| vs. | : : : | |
| NOVASTAR FINANCIAL, INC., W. LANCE ANDERSON, SCOTT F. HARTMAN and RODNEY E. SCHWATKEN, | : : : : | |
| Defendants. | : : | |
| DOROTHY JEAN DONAHUE, on Behalf of Herself and All Others Similarly Situated, | : : : | Case No. 4:04 CV441 (ODS) |
| | : | CLASS ACTION |
| Plaintiff, | : : | |
| vs. | : : : | |
| NOVASTAR FINANCIAL, INC., W. LANCE ANDERSON, SCOTT F. HARTMAN and RODNEY E. SCHWATKEN, | : : : : | |
| Defendants. | : : | |
| ROSALIND BRUCKMAN, on Behalf of Herself and All Others Similarly Situated, | : : : | Case No. 4:04 CV508 (HFS) |
| | : | CLASS ACTION |
| Plaintiff, | : : | |
| vs. | : : : | |
| NOVASTAR FINANCIAL, INC., W. LANCE ANDERSON, SCOTT F. HARTMAN and RODNEY E. SCHWATKEN, | : : : : | |
| Defendants. | : : | |

**SUGGESTIONS OF GENERIC TRADING OF PHILADELPHIA, LLC AND HAROLD AND WILMA DANIELS IN OPPOSITION TO THE GIUNTA GROUP'S MOTION TO FILE SURREPLY MEMORANDUM OF LAW OR, IN THE ALTERNATIVE, MOTION <u>FOR LEAVE TO FILE RESPONSE TO SURREPLY</u>**

Generic Trading of Philadelphia, LLC and Harold and Wilma Daniels (collectively, the "Generic Movants" or "Movants") respectfully submit these suggestions in opposition to the Giunta Group's Motion to File Surreply Memorandum of Law ("Giunta Motion" or "Motion"). For the reasons set forth below, the Generic Movants respectfully request that the Court deny the Giunta Motion. In the alternative, should the Court grant the Giunta Motion, the Generic Movants respectfully request that the Court grant their motion to file the response (annexed hereto as Exhibit B) to the Giunta Surreply.

Leave to file a surreply is rarely granted. *Canady et al. v. Allstate Insurance Co., et al.*, 1997 U.S. Dist. LEXIS 24066, *2 (W.D. Mo. June 19, 1997) (denying motion to file surreply) (Exhibit A hereto). Indeed, a surreply suggestion is "only accepted by this court in extraordinary situations." *Id.* Moreover, Local Rule 7.1 in this District does not provide for the filing of surreply suggestions.

The Giunta Group asserts no basis for obtaining the extraordinary relief of a surreply. In fact, the Giunta Group simply repeats prior arguments raised in its Reply Brief (filed with the Court on July 14, 2004) in a last-ditch effort to be heard on issues on which the Generic Movants clearly prevail. In particular, the Giunta Motion should be denied for the following reasons:

1. The Generic Movants' Reply Memorandum ("Reply Memorandum") was filed in response to six separate submissions filed by competing lead plaintiff movants. In light of this fact, the Generic Movants have requested that the Court permit them to file a consolidated 19-page submission addressing all of the competing

submissions, rather than seven separate submissions, which could have totaled as much as seventy pages. *See* Motion of Generic Trading of Philadelphia, LLC and Harold and Wilma Daniels to Approve Retroactively the Filing of Memorandum in Excess of Page Limitations, filed with the Court on July 26, 2004. Moreover, the Reply Memorandum does not raise any additional "questions" concerning the Generic Movants' ability to serve as a lead plaintiff, but merely corrects inaccurate assertions made by the competing movants in their prior submissions.

2. Despite the Giunta Group's contentions, the Reply Memorandum and Declaration of Daniel G. Viola ("Viola Declaration") do not raise any additional questions concerning the trading of Novastar securities by Generic Trading of Philadelphia LLC ("Generic Trading" or "Generic"). Rather, these filings simply demonstrate that Generic was short Novastar shares on an aggregate basis just prior to the Class Period. By no means do these filings indicate that Generic sold Novastar shares short during the Class Period. In fact, the Reply Memorandum and Viola Declaration confirm that Generic Trading was a net purchaser of inflated Novastar shares during the Class Period and that, at least as early as the dividend distribution date (December 2, 2003) through the end of the Class Period, Generic held a long position in Novastar shares. Accordingly, no new issues are raised as to Generic's adequacy in terms of its trading in Novastar securities.

3. In addition, the recent submissions do not demonstrate that Generic is a "day trading association." To the contrary, the Viola Declaration confirms (at ¶8) that "Generic Trading is an independent broker dealer which employs proprietary traders who exclusively use the Company's own capital to trade securities."

2

Accordingly, this issue has already been addressed and resolved in prior submissions.

4. Despite the Giunta Group's contentions, the Generic Movants have not taken any conflicting positions which render them an improper group. In this regard, the Giunta Group points to minor distinctions it perceived between the loss calculations performed by Generic and Harold and Wilma Daniels in attempt to demonstrate that a conflict exists between such calculations. Those distinctions, however, bear no significance to the adequacy of the Generic Movants as a group, particularly since both Movants applied widely accepted damage calculation methods, which are completely consistent. Moreover, the Giunta Group's continued assertion that the Net-Net method of damage calculation improperly inflates Generic Trading's losses is completely unfounded, as previously set forth in the Generic Movants' Reply Memorandum (at pp. 5-6). In fact, Generic and Harold and Wilma Daniels have clearly presented evidence concerning how they intend to function as a cohesive group, specifically stating that they have already conferred on the prosecution of the litigation, have moved for a default judgment against the defendants in the *Eastside Investors* action and will continue to function in this regard as the litigation proceeds. *See* Viola Declaration, at ¶5. Accordingly, no new issues have been raised as to the adequacy of the Generic Movants as a group.

5. Mr. Viola is committed to the litigation and has been an active participant in the case from its inception. The absence of the *ITT* litigation from his certification does not impact upon Mr. Viola or the adequacy of Generic to serve as a lead

3

plaintiff, particularly in light of Generic's outstanding reputation and its recent appointment with the Public Employees Retirement Association of Colorado as lead plaintiff in *In re Royal Ahold N.V. Securities and "ERISA" Litigation*, 1:03-MD-01530, 219 F.R.D. 343, 354-55 (D. Md. 2003). *See* Viola Decl., ¶4. As stated in the Reply Memorandum (at pp. 15-16), the omission of *ITT* was merely a clerical error. Moreover, any errors in the pagination and numbering of the Viola Declaration bear no significance to the overall integrity of the document or its contents. Clearly, Mr. Viola executed a declaration identical in substance to that filed with Court, as evidenced by the document's continuously numbered paragraphs.

6. With regard to Generic's withdrawal from the *ITT* case, such withdrawal does not raise any additional questions concerning the Generic Movants' adequacy. In any event, as set forth in the Reply Memorandum (at p. 16), Generic was entitled to withdraw for the *ITT* case. Moreover, such withdrawal was completely appropriate, particularly in light of the fact that a competing public institution, the City of Austin Retirement System, with assets in excess of $300 million, could sufficiently represent the interests of the class. Indeed, that institution was ultimately appointed lead plaintiff.

7. Finally, the Giunta Group's requests to parse through the confidential operating agreement between Generic and its proprietary trades and obtain additional discovery raise no additional issues. As set forth in the Reply Memorandum (at pp. 16-17), those requests must be denied given that Generic Trading's initial submission and the Viola Declaration (submitted under oath), provide a clear

4

description of Generic Trading's business and financial interest, and unequivocally demonstrate that Generic has standing to serve as lead plaintiff in this case.

For the foregoing reasons, the Generic Movants respectfully request that this Court deny the Giunta Motion. In the event the Court grants the Giunta Motion, the Generic Movants respectfully request that the Court grant their motion to file a response to the Giunta Surreply.

DATED: July 28, 2004

Respectfully Submitted,

**WALTERS BENDER STROHBEHN & VAUGHAN, P.C.**

By: /s/ R. Frederick Walters
Karen W. Renwick, Mo. Bar #25069
Frederick Walters, Mo. Dist. #41271
2500 City Center Square
1100 Main Street
P.O. Box 26188
Kansas City, Missouri 64196
Tel: (816) 421-6620
Fax: (816) 421-4747

**Proposed Liaison Counsel**

**ENTWISTLE & CAPPUCCI LLP**
Vincent R. Cappucci
Stephen D. Oestreich
Robert N. Cappucci
299 Park Avenue, 14th Floor
New York, NY 10171
(212) 894-7200
Facsimile: (212) 894-7272

5

**MILBERG WEISS BERSHAD & SCHULMAN LLP**
Steven G. Schulman
Peter E. Seidman
Andrei V. Rado
One Pennsylvania Plaza - 49th Floor
New York, NY 10119
(212) 594-5300
Fax: (212) 868-1229

**Proposed Lead Counsel**

**THE BRUALDI LAW FIRM**
Richard Brualdi
29 Broadway
New York, New York 10006
(212) 952-0602

**Attorney for Plaintiff East Side Investors**