Cynthia E. Canady, et al., Plaintiffs, v. Allstate Insurance Co., et al., Defendants.

Case No. 96-0174-CV-W-2

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI, WESTERN DIVISION

1997 U.S. Dist. LEXIS 24066

June 19, 1997, Decided
June 19, 1997, Filed

**DISPOSITION:** [*1] Defendants' motion to file surreply suggestions denied. Plaintiffs' motion for leave to amend complaint granted. Defendant Prudential's motion for reconsideration of court's April 22, 1997 order denied, and Defendant Old Reliable's motion to strike portions of plaintiffs' suggestions in support of their amended motion to maintain action as a class action denied.

**CORE TERMS:** motion to strike, class certification, class action, disclosures, discovery, surreply, declarations, non-parties, depriving, stricken, reconsideration, moot

**COUNSEL:** For CYNTHIA E CANADY, MARVA JEAN SAUNDERS, MISCHELLE A GREER, JIMMY D HUNT, TAMARA A HUNT, KIM Y NICKERSON, ESTHER E MOTEN, KERRY L BUTLER, NADINE FARRIS, CHARLES LOCKRIDGE, COLEMAN MCCLAIN, EVALIN MCCLAIN, ALMA HAMMONDS, JOHN HAMMONDS, SARA KENNER, CLARENCE KENNER, plaintiffs: Paul C. Sprenger, Washington, DC.

For CYNTHIA E CANADY, MARVA JEAN SAUNDERS, MISCHELLE A GREER, JIMMY D HUNT, TAMARA A HUNT, KIM Y NICKERSON, ESTHER E MOTEN, KERRY L BUTLER, NADINE FARRIS, CHARLES LOCKRIDGE, COLEMAN MCCLAIN, EVALIN MCCLAIN, ALMA HAMMONDS, JOHN HAMMONDS, SARA KENNER, CLARENCE KENNER, plaintiffs: Steven Marshall Sprenger, Scott A. McCreight, Sprenger & McCreight, Kansas City, MO.

For FARM BUREAU TOWN AND COUNTRY INSURANCE COMPANY, defendant: Dana L. Frese, Carson & Coil, Jefferson City, MO.

**JUDGES:** Fernando [*2] J. Gaitan, Jr., United States District Judge.

**OPINIONBY:** Fernando J. Gaitan, Jr.

**OPINION: ORDER**

Pending before the Court are: (1) plaintiffs' motion for leave to amend the complaint; (2) defendants' motion to file surreply suggestions to plaintiffs' motion for leave to amend the complaint; (3) defendant Old Reliable Insurance Company's motion to strike portions of plaintiffs' suggestions in support of their amended motion to maintain this action as a class action; (4) defendant Old Reliable Insurance Company's motion to strike "Plaintiffs' Joint Disclosures Following Completion of Discovery on Issues of Class Certification under Rule 26(e)" and "Plaintiffs' Withdrawal and Substitution of Certain Exhibits Offered in Support of Their Original Motion for Class Certification;" and (5) defendant Prudential Insurance Company's motion for reconsideration of the court's April 22, 1997 order.

These motions are ruled as follows:

Defendants' motion to file surreply suggestions is **DENIED.** Surreply suggestions are not provided for by Local Rule 7.1 and are only accepted by this court in extraordinary situations. Such is not the case here.

Plaintiffs' motion for leave to amend the complaint [*3] is **GRANTED**. Merits discovery in this case has not yet begun. At this yet early stage in the litigation, the prejudice which would potentially be suffered by the plaintiffs, were this court not to allow the amendment, is substantially greater than the burden defendants will bear as a result of the amendment. The Clerk of Court is directed to file the Third Amended Class Complaint, attached to the motion as "Exhibit A."

Defendant Prudential Insurance Company's motion for reconsideration of the court's April 22, 1997 order is **DENIED**.

Defendant Old Reliable Insurance Company's motion to strike portions of plaintiffs' suggestions in support of their amended motion to maintain this action as a class action is **DENIED**. Defendant objects to certain exhibits, specifically MDOI materials, including newsletter, press releases, and a market study; summaries and charts created by plaintiffs' attorneys;

Case 4:04-cv-00330-ODS   Document 64-1   Filed 07/28/04   Page 1 of 3

maps created by plaintiffs' attorneys purporting to designate the minority zip code areas in St. Louis and Kansas City; correspondence and memoranda, some of which was prepared by or directed to non-parties; and articles written by non-parties. Materials submitted in support of **[*4]** a class motion need not be admissible at trial and hearsay evidence may be considered in determining plaintiffs' compliance with the prerequisites of Rule 23, Fed.R.Civ.P. See Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 178, 40 L. Ed. 2d 732, 94 S. Ct. 2140 (1974)(A class hearing "is not accompanied by the traditional rules and procedures applicable to civil trials."); Paxton v. Union Nat'l Bank, 688 F.2d 552, 562 n.14 (8th Cir. 1982)("hearsay testimony may be admitted to demonstrate typicality"), cert. denied, 460 U.S. 1083, 76 L. Ed. 2d 345, 103 S. Ct. 1772 (1983); Donaldson v. Pillsbury Co., 554 F.2d 825, 830-31 n.3 (8th Cir.)(same) cert. denied, 434 U.S. 856, 54 L. Ed. 2d 128, 98 S. Ct. 177 (1977).

Defendant Old Reliable Insurance Company's motion to strike "Plaintiffs Joint Disclosures Following Completion of Discovery on Issues of Class Certification under Rule 26(e)" and "Plaintiffs' Withdrawal and Substitution of Certain Exhibits Offered in Support of Their Original Motion for Class Certification" is **DENIED**. Defendant claims that (1) plaintiffs' joint disclosures under Rule 26(e), Fed. **[*5]** R.Civ.P., should be stricken because the disclosures are not verified by the plaintiffs, but rather by their attorneys, and they were made after the close of discovery, depriving defendants of the opportunity to depose plaintiffs on the matters set forth in their disclosures and (2) the amended declarations of class representatives such as Marva Saunders should be stricken because they were filed after the close of class discovery, depriving defendants of the opportunity to examine plaintiffs on the matters set forth in their amended declarations. The court finds that plaintiffs substantially complied with Rule 26(e) and defendant has not suffered unfair prejudice.

Accordingly, it is so **ORDERED**.

Fernando J. Gaitan, Jr.

United States District Judge

Dated: JUN 19 1997
Kansas City, Missouri

**JUDGMENT IN A CIVIL CASE - Entered On JUN 20 1997**

**Decision by Court.** This action came before the Court. The issues have been determined and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that

1) plaintiffs' motion for class certification and plaintiffs' renewed motion to maintain this action as a class action is DENIED;

2)defendant Allstate Insurance **[*6]** Company's motion to sever is dismissed a moot;

3) defendant Liberty Mutual Insurance Company's motion for partial summary judgment is dismissed as moot; and

4) this action is dismissed without prejudice for plaintiffs' failure to meet standing requirements.

June 19, 1997
Date